KEITH AND CHERYL CHASE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chase v. Commissioner
Docket No. 15752-88
United States Tax Court
T.C. Memo 1990-615; 1990 Tax Ct. Memo LEXIS 688; 60 T.C.M. (CCH) 1364; T.C.M. (RIA) 90615; December 5, 1990, Filed *688 Decision will be entered under Rule 155. John E. Mack, for the petitioners. Gail Gibson, G. Kimball MacCloskey and Gerald W. Leland, for the respondent. FAY, Judge. FAY
*1979 Respondent determined a deficiency in and additions to petitioners' Federal income tax for taxable years as follows: Additions to tax, Sections
Year
Deficiency
6653(a)(1) [1]
6653(a)(2)
6661 1984
$ 2,940
$ 147
*
N/A
1985
6,404
320
*
$ 1,601
1986
3,498
N/A
N/A
N/A
Additions to tax, Sections
Year
6653(a)(1)(A)
6653(a)(1)(B)
1984
N/A
N/A
1985
N/A
N/A
1986
$ 175
*
*690 The first issue for decision is whether certain business trusts formed by petitioners should be disregarded for the purpose of determining self-employment taxes. The second issue we must decide is whether petitioners are liable for an investment tax credit (ITC) recapture of $ 341.00 in taxable year 1986. [2] The third issue is whether petitioners are liable for an addition to tax for negligence in the years at issue. The final issue for decision is whether petitioners are liable for additions to tax for a substantial understatement pursuant to section 6661 for taxable year 1985. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated by reference. Petitioners, Keith Chase (hereinafter petitioner) and Cheryl Chase, resided in Hebron, North Dakota, when the petition in this case was filed. *691 Prior to 1983, petitioner was a principal in the B&K Salvage Company (B&K) partnership, an airplane parts salvage business. Petitioner and his father, Robert Chase (Robert), each had a 50-percent interest in the B&K partnership. While Robert performed the majority of the work, petitioner was also active in B&K. B&K had no employees. During 1983 petitioner purported to change the form of B&K from a partnership to a business trust. Prior to 1983 petitioner owned and operated a crop dusting company called Aerial Crop Care (Aerial). In May of 1983, Aerial was purportedly reorganized as a business trust. Petitioner set up these trusts without the benefit of prior consultation with an attorney or accountant. Petitioners' 1984 and 1985 tax returns as well as the returns for B&K and Aerial Crop Care were prepared by Joan Noske. [3] Noske was the promoter of the trusts and sold the trust package to petitioner. The purported trustee of B&K and Aerial Crop Care performed no tasks with regard to the operation of the trusts except signing their names to large quantities of blank paper. *692 The two trusts involved here are the same trusts this Court examined in Chase v. Commissioner, T.C. Memo. 1990-164. [4] We adopt the findings of fact in that case as they relate to the instant case. OPINION Respondent has determined the trusts are shams not recognized for Federal tax purposes. Respondent reclassifies the trust income as net earnings subject to self-employment tax. Respondent's determination is presumed correct. Petitioners have the burden of proof. Rule 142(a). Self-Employment Tax
Section 1401 imposes a tax upon self-employment income. Sec. 1401(a), sec. 1.1401-1(a), Income Tax Regs. *693 Although the tax is imposed in addition to income taxes, it is levied, assessed, and collected as part of the income tax. Sec. 1.1401-1(a), Income Tax Regs.Section 1402(b) defines self-employment income as net earnings of an individual derived from self-employment. Self-employment income cannot exceed the Social Security taxable wage base less wages paid to said individual as an employee. See sec. 1402(b); sec. 1.1402(b)-1(b), Income Tax Regs. Net earnings from self-employment is generally defined as gross income less allowable deductions attributable to an individual from any trade or business carried on by that individual plus his distributive share of the partnership's income as described in section 702(a)(8). However, rents, dividends, interest, and several *1980 other items not involved in the instant case are excluded. Sec. 1402(a), sec. 1.1402(a)-1(a), Income Tax Regs. Income from a trade or business operated by an estate or trust does not constitute net earnings for self-employment. Sec. 1.1402(a)-2(b), Income Tax Regs.
The self-employment tax issue turns *694 on whether the income from the trusts were derived from a trade or business carried on by petitioner individually or through a partnership or through a legally recognized business trust. To decide this issue we consider the substance of the trust, not its form. Gregory v. Helvering, 293 U.S. 465 (1935). Petitioner and his father operated the two businesses as informal general partnerships, before and after the transformation to business trusts. The business trusts were merely paper entities, which were never implemented. Their sole purpose was to evade self-employment tax. The trustees were "strawmen" who performed no management tasks and never fulfilled the responsibilities outlined in the Declaration of Trust. We find the business trusts were void of economic substance and not to be respected for Federal income tax purposes. Accordingly, petitioner is liable for self-employment tax on his share of income derived from B&K Salvage Company and Aerial Crop Care Company. ITC Recapture
The issue had not been raised during trial or on a brief; therefore, the Court concludes petitioners are conceding the ITC recapture issue. Negligence
*695 Negligence is defined as lack of due care or failure to do what a reasonable and ordinary prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). Petitioners argue because they relied upon the advice of a qualified tax preparer and advisor, they are not liable for the negligence addition to tax. We find petitioners' reliance was misplaced for several reasons. The facts of this case are such that petitioners should have known this was not a legitimate transaction. The trusts were established by signing blank pieces of paper. The trustees performed no tasks in running the trusts. The tax return preparer petitioners relied upon was the same person from whom petitioner purchased the trust packages. Finally, petitioners did not consult with an independent attorney or accountant before setting up the trusts. We find petitioners were negligent. For a similar discussion of the negligence addition to tax as related to these same trusts, see Chase v. Commissioner, T.C. Memo. 1990-164. Substantial Understatement
*696 The issue had not been raised during trial or on brief; therefore, the Court concludes petitioners are conceding the substantial understatement addition to tax pursuant to section 6661. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the deficiency.↩
2. Due to a computational error, the notice of deficiency asserts an ITC recapture of $ 370.00. Respondent concedes ITC recapture of $ 29.00.↩
3. Ms. Noske's name was misspelled in the transcript as Noste.↩
4. This case involved petitioner's father and business partner. The Court found B&K Salvage Company and Aerial Crop Care trusts were to be disregarded for Federal income tax purposes.↩